1   MATTHEW POWERS (S.B. #212682)
    mpowers@omm.com
2   O'MELVENY & MYERS LLP
    Two Embarcadero Center
3   San Francisco, California 94111
    Telephone:    +1 415 984 8700
4   Facsimile:    +1 415 984 8701

5   Attorney for Defendant
    SOLAREDGE TECHNOLOGIES, INC.
6

7

8                 UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                     EASTERN DIVISION

11

12   CHERYL SAUER, individually, and on          Case No.
     behalf of all others similarly situated,
13                                               **DEFENDANT SOLAREDGE
                   Plaintiff,                    TECHNOLOGIES, INC.'S NOTICE
14                                               OF REMOVAL**
            v.
15
     SOLAREDGE TECHNOLOGIES, INC., and
16   DOES 1-10 Inclusive,

17                 Defendants.

18

19

20

21

22

23

24

25

26

27

28

- 1 -

1    **DEFENDANT SOLAREDGE TECHNOLOGIES, INC.'S NOTICE OF REMOVAL**

2    Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant SolarEdge

3 Technologies, Inc. ("SolarEdge") hereby gives notice of removal of this action, captioned *Cheryl*

4 *Sauer v. SolarEdge Technologies, Inc.*, Case No. CIV SB 2211712, from the San Bernardino

5 County Superior Court to the United States District Court for the Central District of California.

6 Pursuant to 28 U.S.C. § 1446(a), SolarEdge provides the following statement of the grounds for

7 removal:

8    **BACKGROUND**

9    1.    On June 9, 2022, Plaintiff Cheryl Sauer, individually, and on behalf of all others

10 similarly situated, filed a Complaint in the San Bernardino County Superior Court against

11 SolarEdge.  A copy of the Complaint is attached hereto as **Exhibit 1.**  The matter was given Case

12 No. CIV SB 2211712 and assigned to Judge David Cohn in Department S-26.  On or about June

13 23, 2022, the Superior Court issued an Initial Case Management Conference Order.  A true and

14 correct copy of that Order is attached hereto as **Exhibit 2**.  On August 9, 2022, Plaintiff served

15 SolarEdge with the summons and Complaint.  A copy of the notice of service is attached hereto as

16 **Exhibit 3**.  Attached as **Exhibit 4** are the remainder of the pleadings, process, and orders that have

17 been filed in this matter, including the summons, case cover sheet, and other forms and notices.

18    2.    Other than the pleadings and order described above, no other process, pleadings, or

19 orders have been filed or served in conjunction with the state court proceeding.

20    3.    This case is a putative civil class action based on what Plaintiff contends is

21 SolarEdge's alleged failure to disclose that purchasers of its solar power systems with free system

22 monitoring functions would be responsible for paying labor costs associated with updating or

23 replacing components of the modems in the event that cellular data service providers (e.g., Verizon)

24 decided to discontinue data service on their 3G cellular networks.  Based on the allegations in the

25 Complaint and on behalf of herself and the putative class members, Plaintiff seeks damages,

26 restitution and disgorgement, injunctive relief, and attorneys' fees, interest, and costs.

27    4.    SolarEdge denies liability on all claims alleged in this action, denies that class

28 certification is proper, and reserves all rights in these regards.  By filing this Notice of Removal,

- 2 -

SOLAREDGE TECHNOLOGIES, INC.'S
NOTICE OF REMOVAL

1   SolarEdge does not waive any defense that may be available to it and reserves all such defenses.

2   However, for the purposes of removal only and as set forth below, SolarEdge submits that this

3   Court has subject matter jurisdiction over the claims alleged in this action pursuant to the Class

4   Action Fairness Act ("CAFA") because this is a putative class action in which: (a) there are 100 or

5   more members in Plaintiff's proposed class; (b) at least some members of the proposed classes,

6   including Plaintiff, have a different citizenship from one or more defendants; (c) the claims of the

7   proposed class members, in the aggregate, exceed the sum or value of $5,000,000, exclusive of

8   interest and costs; and (d) no exceptions to CAFA apply.  If any question arises as to the propriety

9   of the removal to this Court, SolarEdge requests the opportunity to present a brief and oral argument

10  in support of its position that this case has been properly removed.

11                                **VENUE AND JURISDICTION**

12       5.       Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a), and

13  1446(a) because the San Bernardino County Superior Court, where the Complaint was filed, is a

14  state court within the Eastern Division of the Central District of California.

15       6.       This Court has subject matter jurisdiction under CAFA because (1) the total number

16  of putative class members exceeds 100; (2) there is diversity of citizenship between Plaintiff and

17  Defendant; (3) the amount in controversy exceeds $5,000,000, exclusive of interests and costs; and

18  (4) all other requirements for removal have been satisfied.  *See*  28 U.S.C. §§ 1332(d), 1446, 1453;

19  *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (explaining that

20  "CAFA's provisions should be read broadly, with a strong preference that interstate class actions

21  should be heard in federal court if properly removed by any defendant" (internal quotation

22  omitted)).

23  **I.        PLAINTIFFS' PROPOSED CLASS CONSISTS OF MORE THAN 100 MEMBERS.**

24       7.       For CAFA jurisdiction to exist, the number of putative class members in all

25  proposed plaintiff classes must equal or exceed one hundred.  28 U.S.C. § 1332(d)(5)(B).

26       8.       The Complaint identifies two proposed classes: (1) "All consumers, who, between

27  the applicable statute of limitations and the present, purchased Defendant's Solar System and had

28  to pay labor costs to replace a modem component for the solar panels of their solar system"; and

SOLAREDGE TECHNOLOGIES, INC.'S
                                    NOTICE OF REMOVAL

1   (2) "All consumers, who, between the applicable statute of limitations and the present, purchased

2   Defendant's Solar System and had to pay labor costs to replace the modem component for both the

3   solar panels and the battery backup of their Solar System." Compl. ¶¶ 34-35. Plaintiff alleges that

4   these proposed classes "are composed of thousands of persons." Compl. ¶ 40.

5

6   **II.    THERE IS DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND DEFENDANT.**

7       9.      The diversity requirement is satisfied where, as here, "any member of a class of

8   plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

9       **A.    Plaintiff is a Citizen of California.**

10      10.     On information and belief, Plaintiff Cheryl Sauer is domiciled in and therefore a

11  citizen of California. Compl. ¶ 7; *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.

12  2001) ("a person's state citizenship is . . . determined by her state of domicile"); *see also Ehrman*

13  *v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (in notice of removal, "a defendant's

14  allegations of citizenship may be based solely on information and belief"); *Carolina Cas. Ins. Co.*

15  *v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014) (permitting pleading of citizenship on

16  information and belief).

17      **B.    Defendant Is a Citizen of Delaware and Israel.**

18      11.     For purposes of diversity jurisdiction, a corporation is "a citizen of every State and

19  foreign state by which it has been incorporated and of the State or foreign state where it has its

20  principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business"

21  is "the place where a corporation's officers direct, control, and coordinate the corporation's

22  activities" or its "nerve center," and "in practice it should normally be the place where the

23  corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *Davis*

24  *v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1029 (9th Cir. 2009); *Portillo v. Chipotle Mexican*

25  *Grill, Inc.*, 2018 WL 637386, at *1 (C.D. Cal. Jan. 31, 2018). In determining citizenship for

26  purposes of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall

27  be disregarded." 28 U.S.C. § 1332(b)(1).

28

SOLAREDGE TECHNOLOGIES, INC.'S
                                                                        NOTICE OF REMOVAL

12.     SolarEdge, the only Defendant sued under a real name and identified in the Complaint, is a Delaware corporation with its principal place of business in Herzliya, Israel. Declaration of Peter Mathews ¶ 2.[1]  Therefore, SolarEdge is a citizen of Delaware and Israel. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1132 (9th Cir. 2002) (a corporation's citizenship is determined by its principal place of business and state of incorporation, notwithstanding a "plaintiff's mistaken allegations" regarding the corporation's citizenship); *Grant v. Seterus, Inc.*, 2018 WL 3203419, at *2 (C.D. Cal. June 28, 2018) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business" (quoting 28 U.S.C. § 1332(c)(1)).

## III.     THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000.

13.     In determining the amount in controversy, the court must "accept[] the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017); *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin,* 574 U.S. at 89. "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 87. "The amount in controversy may include damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 416 (9th Cir. 2018) (internal quotation marks and citation omitted).  For purposes of determining whether the amount in controversy exceeds $5,000,000, exclusive of interest and costs, the claims of individual class members are aggregated. 28 U.S.C. § 1332(d)(6).

14.     Here, Plaintiff seeks to represent two separate classes of plaintiffs and seeks compensatory, punitive, and statutory damages on behalf of each class.  Compl. ¶¶ 33-42, 81.  The

---

[1] The Complaint incorrectly alleges that SolarEdge is headquartered in Milpitas, California. Compl. ¶ 8. *See* Decl. of Peter Mathews ¶ 2.

SOLAREDGE TECHNOLOGIES, INC.'S
NOTICE OF REMOVAL

1   Complaint alleges that both "proposed classes are composed of thousands of persons," each of

2   whom is entitled to damages under the legal theories asserted in the Complaint.  *Id.* ¶¶ 40-46.

3   Plaintiff further seeks "disgorgement and restitution to Plaintiff and all Class Members of

4   Defendant's revenues associated with their false advertising," Compl. ¶ 61, as well as injunctive

5   relief that includes a "corrective advertising" campaign regarding the conduct alleged in the

6   Complaint.  Compl. ¶¶ 79, 81.

7          15.    In total, Plaintiff seeks:

8              a.  "An order certifying the Class and appointing Plaintiff as
                   Representative of the Class";
9              b.  "an order certifying [Plaintiff's] counsel as Class Counsel";
               c.  "an order requiring Defendants, at their own cost, to notify all Class
10                 Members of the unlawful and deceptive conduct herein";
               d.  "an order requiring Defendants to engage in corrective advertising
11                 regarding the conduct discussed [in the Complaint]";
               e.  "actual damages suffered by Plaintiff and Class Members as applicable
12                 from being induced to call Defendants under false pretenses";
               f.  "punitive damages, as allowable, in an amount determined by the
13                 Court or jury";
               g.  "any and all statutory enhanced damages";
14             h.  "all reasonable and necessary attorneys' fees and costs provided by
                   statute, common law or the Court's inherent power";
15             i.  "pre- and post-judgment interest"; and
               j.  "all other relief, general or special, legal and equitable, to which Plaintiff and
16                 Class Members may be justly entitled as deemed by the Court."

17

18   *Id.* ¶ 81.

19          16.    Based on these allegations, it is clear that the amount in controversy in this putative

20   class action exceeds the $5,000,000 threshold for CAFA jurisdiction.  Here, despite bringing claims

21   only under California law, Plaintiff apparently seeks to represent a nationwide class of consumers[2]

22   who purchased solar power units from SolarEdge, and seeks relief including "disgorgement and

23   restitution" of all SolarEdge's "revenues associated with their false advertising" and injunctive

24   relief that includes a "corrective advertising" campaign.  Compl. ¶¶ 34, 35, 61.  There are

25   significantly greater than 50,000 SolarEdge systems in the United States.  Although the cost to

26

27   [2] SolarEdge, which is headquartered in Herzliya, Israel and incorporated in Delaware, reserves
     the right to challenge the ability of non-California plaintiffs to bring claims against it under
28   California law.

- 6 -                                    SOLAREDGE TECHNOLOGIES, INC.'S
                                         NOTICE OF REMOVAL

1   replace the modem in a SolarEdge system can vary depending on the configuration, the average

2   price of a replacement modem (excluding installation costs) is approximately $160.  *See* Decl. of

3   Peter Mathews ¶ 3.  Thus, the amount allegedly in controversy here easily exceeds the $5,000,000

4   threshold (i.e., $160 x 50,000 = $8,000,000).   Moreover, while the nature of Plaintiff's requested

5   injunctive relief is not entirely clear, the costs to SolarEdge of engaging in a "corrective

6   advertising" campaign would be substantial.

7   **IV.     ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.**

8         **A.     The Notice of Removal Is Timely.**

9         17.     This Notice of Removal is timely filed.  Defendant was served in this matter on

10   August 9, 2022 and filed this Notice of Removal within thirty days of the issuance of the summons.

11   *See* 28 U.S.C. § 1446(b)(1); Ex. 2.

12

13         **B.     No CAFA Exceptions Apply.**

14         18.     CAFA contains certain jurisdictional exceptions, none of which apply to this case.

15         19.     The "Local Controversy Exception" does not apply to the present case because

SolarEdge is not a citizen of California, the state in which the action was originally filed.  *See* 28

16   U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

17         20.     The "Home State Exception" also does not apply to the present case because

18   SolarEdge, the sole and primary named defendant, is not a citizen of California, the state in which

19   the action was originally filed.  *See* 28 U.S.C. § 1332(d)(4)(B).

20         21.     Accordingly, all of the requirements for federal jurisdiction under 28 U.S.C. §

21   1332(d) are satisfied, and removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and

22   1453.

23         **C.     Notice of Removal**

24         22.     Pursuant to 28 U.S.C. § 1446(d), SolarEdge will give written notice of the filing of

25   this Notice of Removal to all adverse parties of record in this matter, and will file a copy of this

26   Notice with the clerk of the state court.

27

28

SOLAREDGE TECHNOLOGIES, INC.'S
NOTICE OF REMOVAL

1

**CONCLUSION**

2      WHEREFORE, SolarEdge hereby removes this action from the San Bernardino County

3   Superior Court to the United States District Court for the Central District of California.

4

5   Dated: September 8, 2022                        Respectfully submitted,

6
                                                    */s/ Matthew Powers*_____
7
                                                    MATTHEW POWERS (S.B. #212682)
8                                                   mpowers@omm.com
                                                    O'MELVENY & MYERS LLP
9                                                   Two Embarcadero Center
                                                    San Francisco, California 94111
10                                                  (415) 984-8700

11
                                                    *Attorney for Defendant*
12                                                  *SOLAREDGE TECHNOLOGIES, INC.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28