# EXHIBIT 1

Exhibit 1
9

**ORIGINAL**

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340,
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff, CHERYL SAUER*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 09 2022

BY_____ DEPUTY

SUPERIOR COURT OF CALIFORNIA
FOR THE COUNTY OF SAN BERNARDINO
UNLIMITED JURISDICTION

| | |
|---|---|
| CHERYL SAUER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SOLAREDGE TECHNOLOGIES, INC., and DOES 1-10 Inclusive,<br><br>Defendants. | Case No. **CIV SB 2211712**<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of False Advertising Law (Cal. Business & Professions Code §§ 17500 *et seq.*);<br>(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*);<br><br>**Jury Trial Demanded** |

BY FAX

CLASS ACTION COMPLAINT

Exhibit 1
10

RECEIVED

JUN 09 2022

SUPERIOR COURT OF CALIFORNIA

Exhibit 1
11

Plaintiff CHERYL SAUER ("Plaintiff"), individually and on behalf of all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against SOLAREDGE TECHNOLOGIES, INC. (hereinafter "Defendant") to stop Defendant's practice of falsely advertising and selling solar power system monitoring services, and to obtain redress for a class of consumers ("Class Members") who were misled by Defendant within the applicable statute of limitations period.

2. Defendant advertised to consumers that its solar power systems were accompanied by a system monitoring plan that was free of charge.

3. Plaintiff and other consumers similarly situated were exposed to these advertisements.

4. Defendant misrepresented and falsely advertised and represented to Plaintiff and others similarly situated by failing to disclose in either their advertisements or the contract itself that Defendant would require Plaintiff and others similarly situated to pay for the labor to replace certain components of the monitoring system.

5. Defendants' misrepresentations to Plaintiff and others similarly situated induced them to purchase Defendant's products.

6. Defendants took advantage of Plaintiff and similarly situated consumers unfairly and unlawfully.

## THE PARTIES

7. Plaintiff CHERYL SAUER is a citizen and resident of the State of California, County of San Bernardino.

8. Defendant SOLAREDGE TECHNOLOGIES, INC., ("Defendant") is a corporation that does business in California, including within San Bernardino County, and is incorporated in Delaware and headquartered in Milpitas, California.

9. Plaintiff alleges, on information and belief, that Defendant's marketing

campaign, as pertains to this matter, was created by Defendant and was disseminated throughout California.

10. Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendant's sales of products and services are governed by the controlling law in the state in which they do business and from which the sales of products and services, and the allegedly unlawful acts occurred, which is California.

11. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on their behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

12. Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all their employees, agents, and/or third parties acting on their behalf, in proximately causing the damages herein alleged.

13. At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant aided and abetted the acts and omissions as alleged herein.

**PLAINTIFF'S FACTS**

14. In or around January of 2020, Plaintiff had a solar system she purchased from Defendant installed at her home.

15. At the time of purchase, Defendant represented to Plaintiff that the purchase of her solar system would include unlimited free system monitoring.

16. On or around January 27, 2022, Defendant sent Plaintiff an email informing her that the modem component of the solar system was being discontinued by its provider, and that if the modem was not replaced Plaintiff would no longer have access to the free system

monitoring.

17. Defendant required Plaintiff to pay for the labor cost of replacing the modem.

18. Moreover, Plaintiff was required to replace not one, but two modems. The first modem was to monitor the solar panels themselves, and the second modem was to monitor the battery backup system.

19. As such, Plaintiff has incurred labor costs to replace two modems in order to maintain her system monitoring plan, despite Defendant's representations that the system monitoring plan was at no extra cost to Plaintiff.

20. Defendant does not inform consumers, including Plaintiff, that in order to utilize the free unlimited monitoring plan, consumers, including Plaintiff, will have to incur labor costs to replace components of the system.

21. Defendant's knowledge of the fact that Plaintiff and similarly situated consumers could not reap the benefits of the free unlimited monitoring plan is demonstrated by the fact that when Defendant informed Plaintiff that she would lose access to her system monitoring functions if she did not replace the modem components.

22. Defendant omitted from their advertisements and contracts that consumers who purchased a solar system will not be eligible for the free unlimited monitoring plan as represented.

23. Plaintiff had no reasonable way of knowing that Defendant would require her to pay for the labor to replace certain parts of the system in order to continue to use her system monitoring functions. Thus, Plaintiff had no reasonable opportunity to find out that Defendant would not honor its free unlimited system monitoring plan.

24. Defendant was aware that Plaintiff could not have reasonably known that it would not honor the free unlimited system monitoring plan.

25. Had Plaintiff known that Defendant would not honor the free unlimited system monitoring plan, Plaintiff would not have purchased the solar system from Defendant, or would have paid less for the solar system.

26. Plaintiff was significantly upset by Defendant's refusal to honor their free unlimited system monitoring plan.

27. Such sales tactics employed by Defendant rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

28. Plaintiff is informed, believes, and thereupon alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase products from Defendant.

29. Plaintiff reasonably believed and relied upon Defendant's representations in their advertisement.

30. Plaintiff materially changed her position in reliance on Defendant's representations and was harmed thereby.

31. Had Defendant properly marketed, advertised, and represented that it would not honor its unlimited free system monitoring plan stated in their advertisements, Plaintiff would not have purchased the solar system or any similarly advertised product.

32. Defendants benefited from falsely advertising and representing the costs of their products and services. Defendants benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under California Code of Civil Procedure Rule 382, et seq. and Cal. Civil Code § 1781, et seq.

34. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased Defendant's Solar System and had to pay labor costs to replace a modem component for the solar panels of their Solar System.

35. Plaintiff also brings this action on behalf of a subclass (the "Subclass") defined

as follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased Defendant's Solar System and had to pay labor costs to replace the modem component for both the solar panels and the battery backup of their Solar System.

36. The Class and the Subclass will hereinafter be collectively referred to as "the Classes."

37. As used herein, the term "Class Members" shall mean and refer to the members of the Classes described above.

38. Excluded from the Classes are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

39. Plaintiff reserves the right to amend the Classes, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

40. Upon information and belief, the proposed classes are composed of thousands of persons. The members of the classes are so numerous that joinder of all members would be unfeasible and impractical.

41. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

42. Rather, all claims in this matter arise from the identical, false, affirmative written statements that Defendant would provide its free unlimited system monitoring to the Class Members, when in fact, such representations were false.

43. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

   (a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices in advertising its free unlimited system monitoring with its products to Plaintiff and other Class Members with no intention of honoring them;

   (b) Whether Defendant made misrepresentations with respect to its free

unlimited system monitoring;

(c) Whether Defendant profited from this advertisement;

(d) Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.* California Bus. & Prof. Code § 17500, *et seq.*, California Civ. Code § 1750, *et seq.*. California Civ. Code § 1790, *et seq.*, and 15 U.S.C. § 2310, *et seq.*;

(e) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(f) Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(g) The method of calculation and extent of damages for Plaintiff and Class Members.

44. Plaintiff is a member of the class she seeks to represent

45. The claims of Plaintiff are not only typical of all class members, they are identical.

46. All claims of Plaintiff and the class are based on the exact same legal theories.

47. Plaintiff has no interest antagonistic to, or in conflict with, the class.

48. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff was induced by Defendant's advertisement during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff's claims are typical of all Class Members as demonstrated herein.

49. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

50. Common questions will predominate, and there will be no unusual manageability issues.

# FIRST CAUSE OF ACTION

## Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

51. Plaintiff incorporates by reference each allegation set forth above.

52. Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading…or…to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

53. California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

54. Defendants misled consumers by making misrepresentations and untrue statements about its free unlimited system monitoring, namely, Defendant made consumers believe that Defendant would provide system monitoring forever at no additional cost to consumers, when in fact Defendant would require that consumers pay labor costs for replacing components of the solar system necessary for the system monitoring function.

55. Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

56. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact. Plaintiff reasonably relied upon Defendant's representations regarding the free unlimited system monitoring for Defendant's products. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased Solar Systems from Defendant believing that they would receive free system monitoring forever. However, Defendant did not inform Class Members it would require them to pay for the labor to replace necessary components of the system for

system monitoring, such as modems.

57. Plaintiff alleges that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

58. Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and their employees.

59. Defendant knew that it would not provide Plaintiff and Class Members with the free unlimited system monitoring as advertised.

60. Thus, Defendant knowingly lied to Plaintiff and other putative class members in order to induce them to purchase the Solar Systems from Defendants.

61. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persist and continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members of Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

### Violation of Unfair Competition Law

**(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

62. Plaintiff incorporates by reference each allegation set forth above.

63. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the

alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

64. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

65. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

66. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Classes. Plaintiff and members of the Classes have suffered injury in fact due to Defendant's decision to mislead consumers. Moreover, Plaintiff and members of the Classes have incurred out of pocket labor expenses in order to maintain their system monitoring functions. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

67. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Classes that Defendant would provide them with

unlimited system monitoring and that Plaintiff and members of the Classes would not have to pay to continue using these services. In fact, Defendant knew it would require Plaintiff and members of the Classes to pay labor costs to maintain the system monitoring functions, and thus unfairly profited. Thus, the injury suffered by Plaintiff and the members of the Class are not outweighed by any countervailing benefits to consumers.

68. Finally, the injury suffered by Plaintiff and members of the Classes is not an injury that these consumers could reasonably have avoided. After Defendant falsely represented thefree unlimited system monitoring, consumers changed their position by purchasing the Solar System, thus causing them to suffer injury in fact. Defendant failed to take reasonable steps to inform Plaintiff and class members that the advertisement was false. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Classes. Therefore, the injury suffered by Plaintiff and members of the Classes is not an injury which these consumers could reasonably have avoided.

69. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

70. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

71. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

72. Here, not only were Plaintiff and members of the Classes likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the

1 fact that Defendant did not provide Plaintiff and members of the Classes with free unlimited system monitoring. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant against Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

73. As explained above, Defendant deceived Plaintiff and other Class Members by representing that the system monitoring services would accompany the Solar System free of charge, when in fact Plaintiff and other Class Members would have to incur labor costs in order to replace components of the Solar System and maintain their system monitoring services.

74. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### UNLAWFUL

75. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

76. As explained above, Defendant deceived Plaintiff and other Class Members by falsely representing its free unlimited system monitoring plan.

77. Defendants used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase Solar Systems from Defendant, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed, or misrepresented the free unlimited system monitoring plan for its products, Plaintiff and Class Members would not have purchased the Solar Systems from Defendant. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

78. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq.*

79. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set

forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## MISCELLANEOUS

80. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## PRAYER FOR RELIEF

81. Plaintiff, on behalf of himself and the Class, requests the following relief:

   (a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

   (b) An order certifying the undersigned counsel as Class Counsel;

   (c) An order requiring Defendants, at their own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

   (d) An order requiring Defendants to engage in corrective advertising regarding the conduct discussed above;

   (e) Actual damages suffered by Plaintiff and Class Members as applicable from being induced to call Defendants under false pretenses;

   (f) Punitive damages, as allowable, in an amount determined by the Court or jury;

   (g) Any and all statutory enhanced damages;

   (h) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

   (i) Pre- and post-judgment interest; and

(j) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

**REQUEST FOR JURY TRIAL**

82. Plaintiff requests a trial by jury as to all claims so triable.

Dated: June 9, 2022

Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, PC

By: *Todd M. Friedman*
TODD M. FRIEDMAN, ESQ.

Page 13
CLASS ACTION COMPLAINT
Exhibit 1
24



Exhibit 1
25